12:00 NOON

ORIGINAL

FILED
JAN 25 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

TYLER CONSTRUCTION GROUP,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 08-55 C

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT**

Plaintiff, Tyler Construction Group, ("Tyler"), through its undersigned counsel, for its Complaint in the above-captioned matter, alleges as follows:

## NATURE OF ACTION

1. This is a protest prior to submission of proposals challenging the propriety of the solicitation by negotiation of a task order contract for the performance of design/ build projects for the U.S. Army Corps of Engineers under Solicitation No. W91236-08-R-0001.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1491(b)(1) and (b)(2).

## PARTIES

3. Plaintiff, Tyler, a small business general contractor, is a South Carolina corporation with its principal place of business located in Columbia, South Carolina.

4. Defendant is the United States, acting through its agency, the U.S. Army Corps of Engineers ("Corps"), Norfolk District.

FACTUAL ALLEGATIONS

5. On December 18, 2007, the Defendant, acting through the Norfolk District of the U.S. Army Corps of Engineers, issued negotiated Solicitation No. W91236-08-R-0001 under the procedures set forth in FAR, Part 15, for a multiple award task order contract ("MATOC") for the design and construction of General Instruction Buildings, all supporting elements, and associated sitework in a six state area in the southeastern United States (AL,FL,GA,KY,MS,NC). One amendment to the solicitation has been issued and the due date for submission of proposals is January 30, 2008.

6. Other than the statement, "Work primarily at Fort Benning and Fort Gordon," in the solicitation title, the solicitation contains no indication of the geographical location of any of the individual task orders other than a listing the six state area in the southeastern United States.

7. The solicitation identifies a sample project consisting of a "General Instruction Complex" at Fort Benning, Georgia that is not to exceed 68,740 square feet in area, and not to exceed a price of $9,942,770. The time to perform the sample project is not to exceed 540 days. The solicitation provides that the sample project "***May be* awarded as an actual project.**"

8. While the sample project is not to exceed $9,942,770, the solicitation indicates that the "total contract shall not exceed $100,000,000" and the contract duration, including option years, would be up to five years.

9. A MATOC contract is one type of indefinite-delivery indefinite quantity, ("IDIQ"), contract that may be awarded under a single master solicitation to a number of contractors. The Government then has the ability to issue requests for task order proposals from the "master"

MATOC contractors. The MATOC contractors then compete to furnish the Government with the supplies or services it requires. (FAR 16.504(c)).

10. An IDIQ contract provides the Government with the ability to order the supplies or services that it requires from a contractor in indefinite quantities, within stated limits, for a fixed period of time. (FAR 16.504(a)). The solicitation expressed the quantity in terms of dollars with a maximum quantity of 100,000,000. Although the FAR requires the government to state a minimum quantity of supplies and services that will be ordered, the solicitation does not contain such a "stated minimum quantity." (FAR 16.504(a)(1).

11. The solicitation employs a two phase procurement procedure pursuant to 10 U.S.C. § 2305a and FAR Part 36. In Phase 1 the performance capabilities of the offerors are to be evaluated based on specialized experience, past performance, organization, and technical approach. Up to five of the offerors will be "short-listed" and requested to submit Phase 2 proposals. In Phase 2, offerors are to submit a conceptual design, technical narrative, performance schedule, information on utilization of small business concerns, and price for the sample project.

12. While the solicitation contains the standard, boilerplate provision 52.215-1, "Instructions to Offerors - Competitive Acquisitions," that mentions, in general terms, contract award, the solicitation also specifically included the "Basis for Award" provision for a single award task order contract, ("SATOC"), which provides that "The Contracting Officer will award a firm fixed-price contract to that responsible Phase 2 Offeror whose proposal the Source Selection Authority determines conforms to the solicitation, is fair and reasonable, and offers the best overall value to the Government."

13. Although titled as a "Request for Proposal for Multiple Award Order Contract (MATOC)," the Defendant apparently only intends to award a single stand-alone indefinite delivery, indefinite quantity ("IDIQ") contract to the offeror that offers the best overall value for the sample project.

14. "Supplies and services," as the term in used in FAR 16.504 does not encompass the construction of large, multi-million dollar military complexes, nor does a "quantity" of supplies or services apply to a "quantity" of design/build military complexes. In fact, the "quantity" being procured here is simply the open-ended acquisition of $100 million dollars worth of military design/build work to be performed by a single source.

15. The solicitation only identifies the scope of work for the sample project, and contains no indication of how many, or where, the additional complexes will be located.

16. Each of these complexes consists of buildings that, individually or in combination, have been procured previously as individual procurements many of which were suitable for small businesses. Plaintiff, a small business concern, has successfully performed the construction of similar buildings for the military in the past, including facilities at military bases in the southeastern United States.

17. The United States Census Bureau has adopted the North American Industry Classification System (NAICS) to identify and categorize industries in the United States.

18. The NAICS codes are used by Federal agencies to characterize the type of products or services that are being acquired in a procurement. The solicitation states that the applicable NAICS code is 236220, "Commercial and Industrial Building Construction."

19. The United States Small Business Administration establishes size standards for small businesses. (13 CFR 121.201). The size standard for NAICS code 236220 is $31 million in annual receipts. Plaintiff meets the small business size standard for NAICS code 236220.

20. The solicitation provides that offerors must be registered in the Central Contractor Registration, ("CCR"). The Central Contractor Registration (CCR) is the primary registrant database for the U.S. Federal Government. CCR collects, validates, stores and disseminates data in support of agency acquisition missions. The number of registered small business contractors within the six state area encompassed by this solicitation is 2,220.

21. The estimated dollar value of the contract, $100,000,000, is beyond the financial capabilities of most contractors that qualify as a small business under NAICS code 326220.

22. The consolidation of all of the General Instruction buildings and complexes in the six state area of the southeastern United States constitutes "bundling," as defined in FAR 2.101.

23. The bundling of these requirements into a single solicitation is a violation of Federal law and regulation and is improper.

24. The solicitation discriminates against small business and the decision to utilize a discriminatory procurement procedure lacks a rational basis.

25. There are 2,545 contractors who are registered with the CCR within the six state area encompassed by this solicitation. Of these, 325 are large businesses and are therefore potential offerors under the improperly restrictive terms of the solicitation, and 2,220 are small business construction contractors, like the Plaintiff, who will be denied any realistic opportunity to perform work described in the solicitation as a prime contractor.

26. If the procurement were to proceed, it would result in one contractor performing up to $100,000,000 of military construction within a six state area for up to the next five years, and all other potential offerors would be precluded from competing for the individual task orders issued under the contract.

27. This solicitation is unduly restrictive of competition and violates 10 U.S.C. §2304a.

28. The Competition in Contracting Act, as implemented by procurement regulations, provides a preference for the use of sealed bidding in construction. Part 36 of the FAR provides that the contracting officer shall use sealed bid procedures for a construction contract if the conditions in FAR 36.103(a) and FAR 6.401(a) apply.

29. Paragraph 6.401(a) of the FAR provides:

> Contracting Officers shall solicit sealed bids if --
>
> (1) Time permits the solicitation, submission, and evaluation of sealed bids;
>
> (2) The award will be made on the basis of price and other price-related factors;
>
> (3) It is not necessary to conduct discussions with the responding offerors about their bids; and
>
> (4) There is a reasonable expectation of receiving more than one sealed bid.

30. The bundling of individual construction projects into high dollar value design/build military "complexes" effectively circumvents the preference for sealed bidding, and the conditions set forth in FAR 6.401, by establishing a high aggregate dollar value of the anticipated award, and by establishing the geographical dispersion of contract performance sites in a manner

that makes the bundled project unsuitable for small business concerns.

31. The fact that the solicitation does not prohibit the Corps of Engineers from issuing task order solicitations to the successful offeror for the construction of the advertised military complexes, or any components thereof, means that individual task orders may be issued that would otherwise qualify for the participation of small business in competitive procurements.

32. Any such future task orders issued under the umbrella of this procurement that would have otherwise qualified for sealed bidding or competitively negotiated procurements available to small business concerns, will nevertheless be procured by the issuance of non-competitive task orders to the contractor.

33. The issuance of such future, and potentially smaller in scale, task orders will be shielded from judicial review and will not be subject to protest by disappointed offerors, or by companies like the Plaintiff who would have been interested in competing for the work. Once the contract is awarded, disappointed contractors will lack standing to protest individual task order solicitations.

## REQUEST FOR RELIEF

WHEREFORE, TYLER CONSTRUCTION GROUP respectfully requests that this Court enter an Order providing for:

1. A temporary restraining order preventing the United States from receiving and evaluating Phase 1 or Phase 2 proposals, making a source selection, and from proceeding with the award of a contract under the terms of Solicitation No. W91236-08-R-0001.

2. A declaratory judgment that the procurement of "supplies and services" as envisioned by FAR 16.5 does not explicitly or implicitly include the acquisition of large design/build military construction projects, or major construction projects generally.

3. A declaratory judgment that the procurement of these facilities violates the prohibition on bundling as provided by 15 U.S.C. §631(j) and therefore is unduly restrictive of participation by small business concerns.

4. A preliminary and permanent injunction directing the agency that it may only proceed with the procurement of these facilities using individual project solicitations that provide appropriate opportunities for the participation of small business concerns.

5. Such other relief as the Court deems just and proper under the circumstances of this case.

Respectfully submitted,

Date: 1-24-08

Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Dr., Suite 100
Ft. Washington, PA 19034
215-542-2777/215-542-2779(fax)
Attorney of record for
TYLER CONSTRUCTION GROUP

Of Counsel:
Joseph A, Hackenbracht, Esquire
Timothy A. Sullivan, Esquire
Payne Hackenbracht & Sullivan